Roane J.
It is very true, that by the general rules of law hearsay evidence is inadmissible. The reason of the rule is so well founded, and so generally known, that it is unnecessary to state it. But from this rule there are exceptions, warranted by reasons, as sound as those which induced the rule itself. As in the case of proving pedigrees, and in other ancient transactions, in which it is the best evidence which the nature of such cases admit of. But these cases . which form exceptions from the general rule, are regulated by another, and that is, that it should appear there is no better evidence behind, and in the power of the party, to produce; for otherwise, the omitting to produce such better proof, creates a presumption against the admission of inferior testimony. In this case, the objection made by the appellant is confined to the general rule, and the party who relied upon the evidence ought certainly to have stated such a case, as to shew, that though the general rule was against him, yet, he was within some of the exceptions ° as that the transaction was ancient, his witnesses dead, and that their attendance could not be procured, or the like. But this he has not done, and therefore the general rule is against him.
But I am of opinion that if Parrish had been present and sworn, his testimony ought not to have been *191 credited on account of the turpitude of his own conduct, and which his testimony was to have established ? the Court ought to have instructed the jury to disregard it. Most clearly then, it was improper to admit as evidence his declarations made when not on oath.
I am therefore of opinion that both judgments are erroneous.
Fleming I.- — Concurred.
The President. — In every view of this subject, I think the evidence was improperly admitted. It has been well observed, that in some instances hearsay evidence may be proper, where, from the nature of the case, it is not to be expected that better evidence could be procured. Such as where the transaction is ancient, and in others which have been mentioned. It was upon this principle, that the case of Jenkins V, Tom, (ante vol. 1. p. 123,) was determined.
But how do the reasons which authorise the admission of hearsay evidence apply to this case f The writ ofadquod damnum is only seventeen years old:; it is not stated that Parrish was'dead, or that his attendance could not be procured. In short, there is not a single reason stated to justify us in saying that a departure from the general rule was proper. Hearsay evidence may also be admitted to shew that a witness has been uniform, or otherwise, in the testimony he gives. But nothing of this sort appears, and if there were any thing in the case to except this out of the general rule, it ought to have been stated by the Court as the ground of their opinion. But if Parrish had been present and sworn, his testimony ought to have been disregarded by the jury ; it was to prove himself guilty of a fraud against his sworn duty as a chain carrier. Much less was it proper to admit as evidence, what he had declared when not on oath.
Judgment reversed and a new trial awarded.